**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                  Criminal No. 10-cr-75-01-JL

<u>Joseph M. Roux</u>

**ORDER OF DETENTION PENDING TRIAL**

    In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on June 15, 2010, for the purpose of determining whether to detain defendant, Joseph M. Roux, who has been indicted on one count of Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922 (g)(1).

    When making a determination regarding detention under 18 U.S.C. § 3142(b), a court must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  <u>See</u> 18 U.S.C. § 3142(c).

    Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall

consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); see also United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. See 18 U.S.C. § 3142(f)(2).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been

committed and that the defendant has committed them.

Here, I find that the government has met its burden with regard to risk of flight and danger to the community.  In so finding, I rely on the following factors:  (a) the nature of the charge involves the possession of a firearm by a felon; (b) the circumstances of the charged offense include that the defendant was highly intoxicated and discharged a weapon multiple times, possessed numerous firearms, drove a vehicle through a garage door, utilized a laser scope while brandishing a firearm, and then was uncooperative with the police and resisted arrest; (c) the defendant's criminal record includes serious drug offenses for which he served state prison sentences, and a prior conviction for felon in possession; (d) the defendant has a significant and unaddressed substance abuse problem; and (e) while the defendant is a lifelong resident of New Hampshire, he has not held a steady job for approximately twelve years.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community. Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a

risk of flight and danger to the community.  Accordingly, I order the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

        /s/ Landya B. McCafferty
        Landya B. McCafferty
        United States Magistrate Judge

Date:  June 15, 2010

cc:  Peter E. Papps, Esq.
     Jeffrey S. Levin, Esq.
     U.S. Marshal
     U.S. Probation